IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEE VOGELSANG,<br><br>     Petitioner,<br><br> vs.<br><br>MIKE KNOWLES, WARDEN,<br><br>     Respondent. | Case No. CIV S-03-0611 (JKS)<br><br>O R D E R |

  On March 25, 2003, Petitioner Gregory Lee Vogelsang filed a petition for habeas corpus. Docket No. 1. However, upon Vogelsang's request, his petition was held in abeyance until he had exhausted in California state court new claims presented in his federal petition. *See* Docket Nos. 4 (Mot.); 9 (Order). Vogelsang continued to provide the Court with periodic status reports regarding his unexhausted claims.

  Vogelsang has apparently received a ruling on those claims from the California courts. Accordingly, he filed an amended petition for habeas corpus on June 28, 2005, along with supporting exhibits and a memorandum of points and authorities. *See* Docket Nos. 34 (Am. pet.); 35 (Exs.); 36 (Mem.). He has also since filed a supplemental memorandum of points and authorities on the merits of his habeas petition. Docket No. 41.

  Several administrative matters are now pending in this case. First, Vogelsang moves to proceed *in forma pauperis*. Docket No. 37. He, along with officials at the institution in which he is currently housed, certifies to the Court that he currently has no funds in his prisoner's account. *Id*. Examination of the *in forma pauperis* affidavit reveals that Vogelsang is unable to afford the costs

1

of suit. Accordingly, the request for leave to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a).

Second, Vogelsang moves the Court to send him "a 'filed' cover page" of his amended petition for habeas corpus and his filed exhibits. *See* Docket Nos. 39; 40. But in reading the "motions" it is clear that all Vogelsang is requesting is confirmation that the Court has received a filed copy of his petition and its accompanying support. While the Court will deny the motions, this Order will serve as confirmation that the Court has indeed received filed copies of Vogelsang's filings.

Finally, it appears from a review of the docket in this case that the State has never been directed to respond to Vogelsang's initial petition nor his amended petition. Since Vogelsang may be entitled to the requested relief if the claimed violation of constitutional rights is proved, Respondents will be directed to file a response to Vogelsang's application.

**IT IS THEREFORE ORDERED:**

1. The motion to proceed *in forma pauperis* at **Docket No. 37** is **GRANTED**.

2. The motions for "filed cover pages" at **Docket Nos. 39** and **40** are **DENIED**.

3. Respondents are directed to file a response to Petitioner's application within **forty-five (45) days** of this Order's date of service. *See* Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rule 5, Fed. R. Governing § 2254 Cases;

4. Petitioner's traverse, if any, shall be filed and served within **thirty (30) days** of service of an answer;

5. If the response to Petitioner's application is a motion, Petitioner's opposition or statement of non-opposition shall be filed and served within **thirty (30) days** of service of the motion, and Respondents' reply, if any, shall be filed within **fifteen (15) days** thereafter; and

ORDER

6. The Clerk of the Court shall serve a copy of this Order together with a copy of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Mary Jo Graves, Senior Assistant Attorney General.

Dated at Anchorage, Alaska, this  29th  day of August 2005.

                                                                   /s/ James K. Singleton, Jr.
                                                                **JAMES K. SINGLETON, JR.**
                                                                  United States District Judge

ORDER